UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DONITA HINES,

     Plaintiff,

v.                                   Case No.:  6:20-cv-618-DNF

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____

## OPINION AND ORDER

Plaintiff Donita Hines seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint memorandum setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **REVERSED and REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

I.    **Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    A.    **Social Security Eligibility**

The law defines disability as the inability to do any substantial gainful activity

by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of

law are not presumed valid and are reviewed under a de novo standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment, then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform past relevant work, the ALJ must determine at step five whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove she is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

## C. Procedural History

Plaintiff filed an application for a period of disability and disability insurance benefits on March 2, 2016, alleging disability beginning May 15, 2014. (Tr. 94, 188-189). The application was denied initially on April 29, 2016, and upon reconsideration on August 15, 2016. (Tr. 94, 111). Plaintiff requested a hearing and

on January 3, 2019, a hearing was held before Administrative Law Judge ("ALJ") Thomas Auble. (Tr. 43-79). On April 4, 2019, the ALJ entered a decision finding Plaintiff not disabled from May 15, 2014, the alleged onset date, through September 30, 2018, the date last insured. (Tr. 10-23). Plaintiff requested review of the hearing decision, but the Appeals Council denied Plaintiff's request on February 8, 2020. (Tr. 1-5). Plaintiff initiated the instant action by Complaint (Doc. 1) filed on April 9, 2020, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 19).

### D.    Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff last met the insured status requirements of the Social Security Act on September 30, 2018. (Tr. 12). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the period from the alleged onset date of May 15, 2014, through the date last insured of September 30, 2018. (Tr. 12). At step two, the ALJ found that Plaintiff had the following severe impairments: "systemic lupus erythematosus ("SLE"); rheumatoid arthritis; fibromyalgia; obesity; [and] polyarthropathy." (Tr. 13). At step three, the ALJ found that through the date last insured, Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R.

Part 404, Subpart P, Appendix 1 (20 §§ C.F.R. 404.1520(d), 404.1525, and 404.1526). (Tr. 13).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform a range of sedentary work as defined in 20 [C.F.R.] § 404.1567(a) such that she can lift up to 10 pounds occasionally, can stand and walk with normal breaks for about 2 hours in an 8-hour workday, and can sit with normal breaks for about 6 hours in an 8-hour workday. She can never climb ladders, ropes, or scaffolds, can occasionally climb ramps and stairs, and can occasionally balance, stoop, kneel, crouch, and crawl. She can occasionally bilaterally reach overhead, and can frequently reach bilaterally in all other directions. She can have no exposure to extreme cold, extreme heat, humidity, excessive vibration, unprotected heights, or hazardous machinery. She can perform simple, routine tasks in a low stress job, defined as having only occasional decision making and only occasional changes in work setting, and such work can have no production quota (e.g., no strict production standard and no rigid production pace, such as an automated line that the worker cannot control).

(Tr. 14-15). At step four and as of the date last insured, the ALJ found that Plaintiff was unable to perform her past relevant work as a bus driver. (Tr. 21, 67).

At step five, the ALJ relied on the testimony of a vocational expert to find that considering Plaintiff's age, education, work experience, and RFC, there are jobs that existed in significant numbers in the national economy that Plaintiff could perform.

(Tr. 21-22). Specifically, the ALJ found that Plaintiff could perform such occupations as:

(1)   order clerk, DOT[1] 209.567-014, unskilled, SVP 2

(2)   document preparer, DOT 249.587-018, unskilled SVP 2

(3)   jewelry preparer, DOT 700.687-062, unskilled, SVP 2.

(Tr. 22). The ALJ concluded that Plaintiff had not been under a disability from May 15, 2014, the alleged onset date, through September 30, 2018, the date last insured. (Tr. 23).

## II.   Analysis

On appeal, Plaintiff raises two issues: (1) whether the ALJ properly evaluated Plaintiff's pain and other subjective symptoms; and (2) whether there was an unresolved inconsistency between the vocational expert's testimony and the DOT. (Doc. 21 at 15-35). The Court will address each issue in turn.

### A.   Whether the ALJ properly evaluated Plaintiff's pain and other subjective symptoms

Plaintiff argues that the ALJ erred by not offering sufficient justification for rejecting Plaintiff's testimony about her symptoms. (Doc. 21, p. 15). Specifically, Plaintiff claims the ALJ mischaracterized Plaintiff's medical records when finding her physical examinations were generally normal, and also mischaracterized her

---

[1] DOT refers to the *Dictionary of Occupational Titles*.

statements regarding anxiety or depression during a September 2017 visit to a psychiatrist, Dr. Birkmire. (Doc. 21, p. 17).

A claimant may establish that she is disabled through her own testimony of pain or other subjective symptoms. *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 867 (11th Cir. 2019) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). In such a case, a claimant must establish:

> "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain."

*Id.* (quoting *Dyer*, 395 F.3d at 1210). When evaluating a claimant's testimony, the ALJ should consider: "(1) the claimant's daily activities; (2) the 'duration, frequency, and intensity' of the claimant's symptoms; (3) '[p]recipitating and aggravating factors'; (4) the effectiveness and side effects of any medications; and (5) treatment or other measures taken by the claimant to alleviate symptoms." *Id.* (quoting 20 C.F.R. §§ 404.1529(c), 416.929(c)(3)). The ALJ must consider these factors given all of the evidence of record. *Id.* And if the ALJ discredits this testimony, then the ALJ "'must clearly articulate explicit and adequate reasons for' doing so." *Id.* (quoting *Dyer*, 395 F.3d at 1210). The ALJ may consider the consistency of the claimant's statements along with the rest of the record in order to reach this determination. *Id.* "A clearly articulated credibility finding with

substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995)); *see also Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 782 (11th Cir. 2014). And an ALJ's decision will be affirmed as long as the decision is not a "broad rejection which is not enough to enable [a reviewing court] to conclude that the ALJ considered [the claimant's] medical condition as a whole." *Dyer*, 395 F.3d at 1211 (quotation and backets omitted).

In the decision, the ALJ summarized Plaintiff's testimony. (Tr. 15). He then determined: "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (Tr. 15-16). After summarizing the medical evidence of record, the ALJ found: "Physical exams were generally normal, with normal gait, no musculoskeletal tenderness, normal ranges of motion, strength, and muscle tone, with normal reflexes, no sensory deficits, and no motor deficits, with normal judgment and insight. (Exhibit 2F)." (Tr. p. 21).

In discounting her subjective complaints, Plaintiff argues the ALJ's statement that her physical examinations were generally normal contradicts the medical records, which show she suffers from inflammatory polyarthropathy, with

tenderness in various areas. (Doc. 21, p. 17). While the Court agrees with the ALJ that in some areas, Plaintiff's physical exams were "generally normal," the Court takes issue with the ALJ's characterization that generally Plaintiff had no musculoskeletal tenderness. (*See* Tr. 21). Plus, the ALJ's summary of the medical records contradicts this conclusion as set forth below. (*See* Tr. p. 21). This mischaracterization is crucial given Plaintiff's testimony concerning her subjective complaints related to pain and musculoskeletal tenderness. (Tr. 15).

The ALJ afforded substantial weight to the exam observations of consultative examiner Alvan Barber, M.D.[2] (Tr. 20). In April 2016, Dr. Barber conducted a consultative examination, and in his review of systems, Dr. Barber noted positive muscle and joint pain and discomfort, occurring chronically in the musculoskeletal system. (Tr. 455-62, 458). He also noted: pain after light touch in the upper extremities; pain and tenderness in the shoulder, elbow, wrist, finger, and right MCP joint; pain in the low back; and pain associated with range of motion in the knee, ankle, and foot. (Tr. 460). As noted by the ALJ, Dr. Barber found +9/18 trigger points for fibromyalgia. (Tr. 20, 461).

While in January and February 2017, Plaintiff physical exams were generally normal, in July 2017, the ALJ found her physical exams mostly normal, "but with

---

[2] The ALJ gave little weight to Dr. Barber's opinion other than his exam observations because the opinion did not set forth specific functional limitations, or even general functional limitations. (Tr. 20).

tenderness at the MCPs, CMCs, and wrists with decreased grip strength, tenderness at the elbows, shoulders, neck, low back, trochanteric region, knees, ankles, and MTPs." (Tr. 17). "She was assessed with polyarthropathy, dry eyes, fibromyalgia, neck pain, low back pain, bilateral osteoarthritis of the knees, anxiety disorder, hypothyroidism, hyperlipidemia, and GERD." (Tr. 17). In December 2017, and again in July 2018, the ALJ noted Plaintiff had mostly normal exams, "but with positive tender points at the neck, low back, hips, knees, ankles, MTPs, shoulders, elbows, wrists, CMCs, MCPs, PIPs, and DIPs, with decreased grip strength and decreased neck range of motion, but no swelling. (Exhibit 9F)." (Tr. 18).

At the July 2018 exam, the ALJ claims Plaintiff reported no muscle pain or joint pain. (Tr. 18). Yet at this exam, Plaintiff reported she had pain in her low back, scattered digits, hips, intermittent knee, neck, shoulder, elbow, wrist, thumb MCP, and IP, with difficulty gripping and morning stiffness that lasts all day. (Tr. 545). And upon general examination, the examiner found tenderness at the neck, low back, hips, knees, ankles, MTPs, shoulders, elbows, wrists, CMCs, MCPs, PIPs, DIPs, with decreased grip strength, and decreased neck range of motion. (Tr. 545). Plaintiff was assessed with pain in the hand, shoulder, ankle, foot joints, and low back, as well as osteoarthritis of knee. (Tr. 545-46).

The Court finds the ALJ's articulated reason to discredit Plaintiff's subjective complaints – that she had generally normal exams with no musculoskeletal

tenderness – is not supported by substantial evidence. (Tr. 21). Many of Plaintiff's examinations showed pain and musculoskeletal tenderness and are therefore not "generally normal." And many of Plaintiff's subjective complaints involve pain and musculoskeletal tenderness. (*See* Tr. 15). For these reasons, the Court remands this action to the Commissioner for further consideration of Plaintiff's subjective complaints.

Upon remand, the Commissioner's reconsideration of Plaintiff's subjective complaints may affect the consideration of Rex A. Birkmire, M.D.'s opinion and may alter the step five analysis. For these reasons, the Court defers addressing the other issues raised by Plaintiff.

## III.    Conclusion

The decision of the Commissioner is **REVERSED,** and this action is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for the Commissioner to reconsider Plaintiff's subjective complaints in light of the medical and other evidence of record and reconsider the step five analysis. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate any motions and deadlines, and thereafter close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on August 20, 2021.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties